**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STEVEN C. LEAF, | ) | 2:08-cv-01554-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| T. FELKER, et al., | ) | |
| Defendants. | ) | |

　　Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. On May 28, 2009, the court granted plaintiff leave to file an amended complaint identifying the Doe defendants named in his original complaint. In its order, court advised plaintiff that each claim and the involvement of each defendant must be sufficiently alleged in the amended complaint.

1

In accordance with the court's order, plaintiff has filed an amended complaint naming as defendants B.F. Foulk, R. Casaurang, S. Sader, and N. Cimino.  The amended complaint, however, fails to detail how any of the defendants participated in the alleged constitutional violation.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, the four newly identified defendants will be dismissed from this action unless the plaintiff amends his complaint to contain specific factual allegations as to how those defendants deprived him of his constitutional rights.

IT IS HEREBY ORDERED that plaintiff is granted leave to amend his complaint to sufficiently allege the involvement of each named defendant.  Plaintiff shall have up to and including July 27, 2009, in which to file any amended complaint.  Failure to do so will result in defendants Foulk, Casaurang, Sader, and Cimino being dismissed from this action.

DATED: This 25th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE