**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STEVEN C. LEAF, | ) | 2:08-cv-01554-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER AND ORDER DIRECTING |
| vs. | ) | SERVICE BY THE UNITED STATES |
| | ) | MARSHAL WITHOUT PREPAYMENT |
| T. FELKER, et al., | ) | OF COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order dated July 14, 2009, the court determined that plaintiff's complaint states a cognizable claim for relief against defendants F. Foulk, R. Casaurang, S. Sader, and N. Cimino, and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. Plaintiff has filed the required papers. Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, copies of the complaint, and copies of this order to the United States Marshal.

1      2. Within ten days from the date of this order, the United

2  States Marshal is directed to notify defendants F. Foulk, R.

3  Casaurang, S. Sader, and N. Cimino of the commencement of this

4  action and to request a waiver of service of summons in accordance

5  with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

6      3. The United States Marshal is directed to retain the sealed

7  summons and a copy of the complaint in their file for future use.

8      4. The United States Marshal shall file returned waivers of

9  service of summons as well as any requests for waiver that are

10  returned as undeliverable as soon as they are received.

11      5. If a waiver of service of summons is not returned by a

12  defendant within sixty days from the date of mailing the request

13  for waiver, the United States Marshal shall:

14          a. Personally serve process and a copy of this order upon

15          the defendant pursuant to Rule 4 of the Federal Rules of

16          Civil Procedure and 28 U.S.C. § 566(c) and shall command

17          all necessary assistance from the California Department

18          of Corrections and Rehabilitation ("CDC") to execute this

19          order.  The United States Marshal shall maintain the

20          confidentiality of all information provided by the CDC

21          pursuant to this order.

22          b. Within ten days after personal service is effected,

23          the United States Marshal shall file the return of

24          service for the defendant, along with evidence of any

25          attempts to secure a waiver of service of summons and of

26          the costs subsequently incurred in effecting service on

27          said defendant.  Said costs shall be enumerated on the

28          USM-285 form and shall include the costs incurred by the

2

Marshal's office for photocopying additional copies of
the summons and complaint and for preparing new USM-285
forms, if required.  Costs of service will be taxed
against the personally served defendant in accordance
with the provisions of Fed. R. Civ. P. 4(d)(2).

6. Defendant shall reply to the complaint within the time
provided by the applicable provisions of Fed. R. Civ. P. 12(a).

7. Discovery shall not proceed until the court issues a
discovery order.  Generally, a discovery order will issue after
defendants file their answer.

8. Unless otherwise ordered, all motions to dismiss, motions
for summary judgment, motions concerning discovery, motions
pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59, and 60 of the
Federal Rules of Civil Procedure, and motions pursuant to Local
Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).
Failure to oppose such a motion timely may be deemed a waiver of
opposition to the motion.  Opposition to all other motions need be
filed only as directed by the court.

9. If plaintiff is released from prison at any time during the
pendency of this case, any party may request application of other
provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).
In the absence of a court order granting such a request, the
provisions of Local Rule 78-230(m) will govern all motions as
described in #7 above regardless of plaintiff's custodial status.
*See* Local Rule 1-102(d).

10. Pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14
(9th Cir. 2003), plaintiff is advised of the following requirements
for opposing a motion to dismiss for failure to exhaust

administrative remedies made by defendant pursuant to nonenumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice. The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  In plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

     11. Pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised

4

of the following requirements for opposing a motion for summary
judgment made by defendants pursuant to Rule 56 of the Federal
Rules of Civil Procedure.  Such a motion is a request for an order
for judgment in favor of defendants without trial.  A defendant's
motion for summary judgment will set forth the facts that the
defendants contend are not reasonably subject to dispute and that
entitle the defendants to judgment.  To oppose a motion for summary
judgment, plaintiff must show proof of his or her claims.
Plaintiff may do this in one or more of the following ways.
Plaintiff may rely upon statements made under the penalty of
perjury in the complaint if the complaint shows that plaintiff has
personal knowledge of the matters stated and plaintiff calls to the
court's attention those parts of the complaint upon which plaintiff
relies.  Plaintiff may serve and file one or more affidavits or
declarations setting forth the facts that plaintiff believes prove
plaintiff's claims; the person who signs an affidavit or
declaration must have personal knowledge of the facts stated.
Plaintiff may rely upon written records, but plaintiff must prove
that the records are what plaintiff claims they are.  Plaintiff may
rely upon all or any part of the transcript of one or more
depositions, answers to interrogatories, or admissions obtained in
this proceeding.  If plaintiff fails to contradict the defendants'
evidence with counteraffidavits or other admissible evidence, the
defendants' evidence may be taken as the truth and the defendants'
motion for summary judgment granted.  If there is some good reason
why such facts are not available to plaintiff when required to
oppose a motion for summary judgment, the court will consider a
request to postpone considering the defendants' motion.  If

1  plaintiff does not serve and file a written opposition to the
2  motion or a request to postpone consideration of the motion, the
3  court may consider the failure to act as a waiver of opposition to
4  the defendants' motion.  If the defendants' motion for summary
5  judgment, whether opposed or unopposed, is granted, judgment will
6  be entered for the defendants without a trial and the case will be
7  closed.

8      12.  A motion or opposition supported by unsigned affidavits
9  or declarations will be stricken.

10     13.  Each party shall keep the court informed of a current
11 address at all times while the action is pending.  Any change of
12 address must be reported promptly to the court in a separate
13 document captioned for this case and entitled "Notice of Change of
14 Address."  A notice of change of address must be properly served on
15 other parties.  Pursuant to Local Rule 83-182(f), service of
16 documents at the record address of a party is fully effective.
17 Failure to inform the court of a change of address may result in
18 the imposition of sanctions including dismissal of the action.

19     14.  The Clerk of the Court shall serve upon plaintiff a copy
20 of the Local Rules of Court.

21     15.  The failure of any party to comply with this order, the
22 Federal Rules of Civil Procedure, or the Local Rules of Court may
23 result in the imposition of sanctions including, but not limited
24 to, dismissal of the action or entry of default.

25     DATED: This 1st day of October, 2009.

26
27                        _Howard D McKibben_
                          UNITED STATES DISTRICT JUDGE
28