**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| STEVEN C. LEAF, | ) | 2:08-cv-01554-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| T. FELKER, et al., | ) | |
| Defendants. | ) | |

Defendant Felker has filed a motion to dismiss plaintiff's claims against him (#24) on the grounds that he failed to exhaust his administrative remedies and that Felker may not be held liable in his supervisory capacity. After a review of the briefs, the court has determined that supplemental briefing is in order.

Plaintiff claims that on October 3, 2007, he was transferred

1

1  into facility "C" at High Desert State Prison ("HDSP").  Before
2  that, he was housed in facility "B" at HDSP, a lower custody yard.
3  Plaintiff claims he voiced concerns to prison officials about the
4  transfer because of a "well documented threat against all white
5  inmates housed on facility 'B' whom then are later rehoused on
6  facilities 'C' or 'D' that have not attacked anyone on facility 'B'
7  before being rehoused."  He claims that despite his concerns he was
8  transferred into facility "C" and that sometime later he was
9  "nearly stabbed to death."  The attack took place on or around
10 January 11, 2008, after which plaintiff underwent a splenectomy at
11 Renown Medical Center in Reno, Nevada.  Plaintiff was returned to
12 HDSP and placed in the administrative segregation unit ("ASU") on
13 January 20, 2008.  He was released from the ASU on May 8, 2008, and
14 returned to the general population.

15     Plaintiff filed a grievance about the transfer to "C" facility
16 and the January 2008 attack on June 22, 2008 – nearly nine months
17 after the transfer and more than five months after the attack.  The
18 grievance was denied as untimely.  In his appeal to the first level
19 of formal review, plaintiff stated: "I am late in my filing only
20 because I was too badly injured to prepare my CDCR 602 sooner. Due
21 to the seriousness of my injuries and the recovery process, I
22 should be excused from the 15-day filing requirement."  In
23 reaffirming the denial of plaintiff's grievance as untimely, the
24 appeals coordinator wrote: "This issue laid dormant for over 8 1/2
25 months.  You did not meet time constraints."  Plaintiff reiterated
26 that he was unable to timely file due to his injuries in his
27 appeals to the second and Director's levels of review.

28     Prisoners in the State of California have the right to appeal

2

administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). Prisoners are required to file any such grievances "within 15 working days of the event or decision being appealed." Cal. Admin. Code tit. 15, § 3084.6.

A fact issue exists as to whether plaintiff had the opportunity to file his grievance about the January 2008 attack within the 15-day filing period.[1] Defendant does not directly address this issue, stating only that plaintiff filed his grievance five months after being released from the infirmary. Nor does he address the recent Ninth Circuit decision *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009), which held if a prisoner is "unable to file within the fifteen-day filing period, his failure to file timely does not defeat his claim."

The briefs thus do not adequately discuss a number of issues relevant to plaintiff's exhaustion of his administrative remedies in light of *Marella*, 568 F.3d 1024. Accordingly, defendant shall file a supplemental brief addressing the following issues:

1. What evidence is there that plaintiff had an opportunity to file a grievance within 15 days of the January 2008 attack?

2. If the court were to conclude plaintiff did not have an

---

[1] Plaintiff provides no explanation or evidence indicating why he did not have an opportunity to file a grievance contesting his October 2007 transfer within 15 days of that event. It is thus clear that no factual issue exists as to whether plaintiff had the opportunity to timely file a grievance regarding the initial transfer decision. A factual issue exists only as to plaintiff's ability to timely file a grievance after the January 2008 attack.

>   opportunity to file within 15 days of the attack, what is the effect of *Marella v. Terhune*, 568 F.3d 1024 with respect to whether once plaintiff is capable of filing he must file within the prescribed time period or whether he is relieved from the requirement altogether?
> 
> 3. Does the state have any regulations addressing when a prisoner must file an appeal if he is unable to do so within 15 days of the event or decision complained of?

Defendant shall have up to and including November 2, 2009, in which to file his supplemental brief.  Plaintiff shall thereafter have up to and including November 23, 2009, in which to file any response.

**IT IS SO ORDERED.**

DATED: This 13th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE